Michele R. Stafford, Esq. (SBN 172509)
Adrian L. Canzoneri, Esq. (SBN 265168)
SALTZMAN & JOHNSON LAW CORPORATION
44 Montgomery Street, Suite 2110
San Francisco, CA 94104
(415) 882-7900
(415) 882-9287 – Facsimile
mstafford@sjlawcorp.com
acanzoneri@sjlawcorp.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUSSELL E. BURNS and RICHARD PIOMBO, in their respective capacities as Trustees of the OPERATING ENGINEERS' HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA; <br><br> PENSION TRUST FUND FOR OPERATING ENGINEERS; <br><br> PENSIONED OPERATING ENGINEERS' HEALTH AND WELFARE TRUST FUND; <br><br> OPERATING ENGINEERS AND PARTICIPATING EMPLOYERS PRE-APPRENTICE, APPRENTICE AND JOURNEYMEN AFFIRMATIVE ACTION TRAINING FUND, <br><br> HEAVY AND HIGHWAY COMMITTEE; and <br><br> OPERATING ENGINEERS LOCAL 3 OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS, AFL-CIO, <br><br> Plaintiffs, <br><br> v. <br><br> FOUR M'S CONSTRUCTION AND BACKHOE, INC., a California corporation; and K. DAVID MAYHUGH, an individual, <br><br> Defendants. | Case No.: <br><br> **COMPLAINT** |

**Parties**

1. The Operating Engineers' Health and Welfare Trust Fund for Northern California; Pension Trust Fund for Operating Engineers (which includes the Pension Plan for the Pension Trust Fund for Operating Engineers, and the Operating Engineers Annuity Plan); Pensioned Operating Engineers' Health and Welfare Trust Fund; and Operating Engineers and Participating Employers Pre-apprentice, Apprentice and Journeymen Affirmative Action Training Fund, are employee benefit plans as defined in the Employee Retirement Income Security Act of 1974 ("ERISA") § 3(3), 29 U.S.C. § 1002(3). They and their fiduciaries are together referred to herein as "ERISA Plaintiffs" or "Plaintiffs". Russell E. Burns and Richard Piombo are Co-Chairmen of the Joint Boards of Trustees of ERISA Plaintiffs with authority to act on behalf of all Trustees.

2. Operating Engineers Local Union No. 3 of the International Union of Operating Engineers, AFL-CIO ("Union") is a labor organization as defined in § 2(5) of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 152(5), and is represented by counsel herein for the limited purpose of collecting union dues owing as part of the subject contribution claims of Plaintiffs, and not for any other cause of action. The Union expressly reserves its rights to pursue any other cause of action on its own behalf.

3. Four M's Construction and Backhoe, Inc., a California corporation ("Four M Construction"), and K. David Mayhugh ("Mayhugh"), an individual (collectively referred to herein as "Defendants"), are employers by virtue of ERISA § 3(5), 29 U.S.C. § 1002(5), and NLRA § 2(2), 29 U.S.C. § 152(2).

**Jurisdiction**

4. Jurisdiction exists in this Court over the claims asserted by ERISA Plaintiffs by virtue of ERISA § 502, 29 U.S.C. § 1132, in that Plaintiffs seek to enforce the provisions of ERISA and the terms of their plans, seek to enjoin the acts and practices which violate ERISA, seek equitable relief to redress such violations, and seek all other appropriate relief under ERISA.

5. Jurisdiction exists in this Court over all the claims by virtue of the Labor Management Relations Act ("LMRA") § 301, 29 U.S.C. § 185, in that Plaintiffs seek to enforce the terms and conditions of valid Collective Bargaining Agreements between Defendants and the

-2-
**COMPLAINT**
Case No.:

1  Union.

2      6.      To the extent jurisdiction over any claim does not exist under ERISA or the

3  LMRA, supplemental jurisdiction exists in this Court over such claims by virtue of 29 U.S.C. §

4  1367 in that they arise out of a common nucleus of operative facts that form the basis of the

5  federal claims asserted herein, each of which has a substantial ground in federal jurisdiction.

6                                      **Venue**

7      7.      Venue exists in this Court with respect to the claims under ERISA § 502 because

8  all of the plans of ERISA Plaintiffs are administered within this district and Defendants' breach

9  occurred in this district.

10      8.      Venue exists in this Court with respect to the claims under LMRA § 301(a) and

11  302(c) because this Court has jurisdiction over the parties, as the Union maintains its principal

12  place of business in this district, its duly authorized officers or agents are engaged in representing

13  employee members in this district, and the claims arise in this district.

14                              **Intradistrict Assignment**

15      9.      The basis for assignment of this action to this court's Oakland Division is that all of

16  the events and omissions giving rise to Plaintiffs' claims occurred in the County of Alameda,

17  where ERISA Plaintiff Trust Funds and the Bargained Plans, described in ¶ 11 herein, are

18  administered, and where Defendants therefore failed to fulfill its statutory and contractual

19  obligations to Plaintiffs.

20                              **Bargaining Agreements**

21      10.      Defendants and the Union entered into an Independent Northern California

22  Construction Agreement (the "Independent Agreement"), a Private Work Agreement, an Interim

23  Labor Agreement, and a Wetlands Supplement to the Master Agreement, all of which incorporate

24  the Master Agreement ("Master Agreement") between the Union and the Associated General

25  Contractors of California, Inc., requiring Defendants to provide employer contributions to

26  Plaintiffs' Trust Funds, to the Union for union dues, and to the other plans more fully described in

27  the Master Agreement.   Under the Independent Agreement, Defendant Mayhugh personally

28  guaranteed all amounts claimed herein.  The Master Agreement, Independent Agreement, Private

-3-
**COMPLAINT**
**Case No.:**

1   Work Agreement, Interim Labor Agreement, and Wetlands Supplement to the Master Agreement

2   as collectively referred to herein as the "Bargaining Agreements."  The ERISA Plaintiffs are third-

3   party beneficiaries of the Bargaining Agreements.

4          11.     Under the terms of the Bargaining Agreements, Defendants are required to pay

5   certain contributions to the Operating Engineers' Vacation and Holiday Pay, Operating Engineers'

6   Vacation and Holiday Pay for Apprentices, the Operating Engineers' Annuity Plan, the Contract

7   Administration Fund, the Industry Stabilization Fund, the Job Placement Center and Market Area

8   Committee Administration Market Preservation Fund, and the Business Development Trust Funds

9   (collectively referred to herein as the "Bargained Plans"). Plaintiffs' Boards of Trustees have been

10  authorized to collect and distribute monies due to the Bargained Plans under the Bargaining

11  Agreements, and governing documents of ERISA Plaintiffs ("Trust Agreements") incorporated

12  therein, which Defendants agreed to be bound by.

13         12.     Under the terms of the Bargaining Agreements and Trust Agreements, Defendants

14  are required to regularly pay to ERISA Plaintiffs, the Bargained Plans, and the Union, certain

15  sums of money, the amounts of which are determined by the hours worked by Defendants'

16  employees.  Contributions are due on the 15th day of the month following the month during which

17  hours were worked, and are considered delinquent if not received by the 25th day of that month.

18  Defendants are also required, pursuant to the Bargaining and Trust Agreements, to pay liquidated

19  damages in the amount of ten percent (10%) for each delinquent contribution, but in the amount of

20  twenty percent (20%) for each delinquent contribution which is the subject of litigation. In

21  addition, the Bargaining and Trust Agreements provide that interest accrues on delinquent

22  contributions at the rates reasonably set by the Trustees from the day after contributions become

23  delinquent, which is the twenty-sixth 26th day of the month following the month in which

24  payment was due, until paid in full.

25         13.     The Bargaining and Trust Agreements further require Defendants to maintain time

26  records or time cards, and to permit an authorized Trust Fund representative to examine any and

27  all relevant records of Defendants as is necessary to determine whether Defendants have made full

28  payment of all sums owed to ERISA Plaintiffs pursuant to the Bargaining and Trust Agreements.

14.     Defendants have a statutory duty to timely report and pay contributions to Plaintiffs under ERISA § 515, 29 U.S.C. § 1145.

15.     Defendants have a contractual duty under the Bargaining Agreements, and Trust Agreements incorporated therein, to timely report and pay required contributions, and any liquidated damages and interest on delinquent contributions, to ERISA Plaintiffs and the Bargained Plans, and to timely make the required payment of union dues to the Union. Defendants also have a contractual duty under the Bargaining Agreements and incorporated Trust Agreements to permit an audit of their records to determine whether they are making full and prompt payment of all sums required to be paid by them to Plaintiffs.

**Facts**

16.     Defendants failed and refused to pay contributions owed for work performed by their employees for the period from February 2014 through August 2014. Liquidated damages and interest have been incurred and are owing on the unpaid contributions for the above period.

Plaintiffs reserve the right to conduct an audit of Defendants' records to determine whether there are any other amounts due by Defendants. Plaintiffs are also entitled to recover any and all other contributions, and all liquidated damages and interest owed on delinquent contributions, found due on timecards, audit, or otherwise through the time of Judgment.

17.     By failing to make such timely payments as required, Defendants have breached the statutory and contractual duties described above.

18.     Defendants' failure and refusal to make payment was at all times, and still is, willful. Defendants continue to breach the Bargaining Agreements, and the Trust Agreements incorporated therein, by failing to pay all amounts owed, as alleged.  Said refusal is unjustified and done with knowledge and intent.

19.     ERISA Plaintiffs are without an adequate remedy at law and will suffer continuing and irreparable injury, loss and damage unless Defendants are ordered specifically to perform all obligations required on Defendants' part to be performed under ERISA, 29 U.S.C. §§ 1101-1381, the LMRA, 29 U.S.C. §§ 141-197, and the Bargaining and Trust Agreements, and are restrained from continuing to refuse to perform as required thereunder.

20.     This Court is authorized to issue injunctive relief based on the traditional standard. As set forth above, ERISA Plaintiffs have a strong likelihood of success on the merits.  There is the possibility that ERISA Plaintiffs' Trust Funds and their participants will suffer irreparable injuries.  The balance of hardships and advancement of public interest favor ERISA Plaintiffs.

21.     This Complaint does not in any manner relate to statutory withdrawal liability that may or may not be assessed against Defendants.  ERISA Plaintiffs expressly reserve the right to pursue any such withdrawal liability claims against Defendants as provided by ERISA Plaintiffs' Plan Documents, Trust Agreements, and the law.

## Prayer

WHEREFORE, Plaintiffs pray as follows:

1.     For a judgment against Defendants as follows:

(a)     Any unpaid contributions, due at time of Judgment, including those specified above as well as any other contributions determined as due by audit, timecards, or otherwise pursuant to ERISA § 502(g)(2)(A), 29 U.S.C. § 1132(g)(2)(A);

i.     To ERISA Plaintiffs, in accordance with ERISA § 502(g)(2)(A), 29 U.S.C. § 1132(g)(2)(A) and the Bargaining Agreements;

ii.     To the Union in accordance with the Bargaining Agreements.

(b)     Liquidated damages on all late-paid and unpaid contributions in an amount provided for under the Bargaining and Trust Agreements, and with respect to ERISA Plaintiffs, ERISA § 502(g)(2)(c), 29 U.S.C. § 1132(g)(2)(c).

(c)     Interest on all late-paid and unpaid contributions at the rates set in accordance with the Bargaining and Trust Agreements, and ERISA § 502(g)(2)(B), 29 U.S.C. § 1132(g)(2)(B).

2.     Plaintiffs' reasonable attorneys' fees and costs of this action, including any audit fees, in accordance with ERISA § 502(g)(2)(D) and (E), 29 U.S.C. § 1132(g)(2)(D) and (E); and in accordance with the Bargaining Agreements for all Bargained Plans, and with LMRA § 301, 29 U.S.C. § 185, for all Plaintiffs.

3.     For an order:

1          (a)     requiring that Defendants comply with their obligations to Plaintiffs under

2 the terms of the Bargaining Agreements and Trust Agreements;

3          (b)     enjoining Defendants from violating the terms of those documents and of

4 ERISA; and

5          (c)     enjoining Defendants from disposing of any assets until said terms have

6 been complied with, and from continuation or operating of Defendants' business until said terms

7 have been complied with.

8     4.     That the Court retain jurisdiction of this case pending compliance with its orders.

9     5.     For such other and further relief as the Court may deem just and proper.

Dated: September 30, 2014          SALTZMAN & JOHNSON
LAW CORPORATION

By:   /s/
     Adrian L. Canzoneri
     Attorneys for Plaintiffs

-7-
**COMPLAINT**
**Case No.:**