Michele R. Stafford, Esq. (SBN 172509)
Adrian L. Canzoneri, Esq. (SBN 265168)
SALTZMAN & JOHNSON LAW CORPORATION
44 Montgomery Street, Suite 2110
San Francisco, CA 94104
(415) 882-7900
(415) 882-9287 – Facsimile
mstafford@sjlawcorp.com
acanzoneri@sjlawcorp.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUSSELL E. BURNS, *et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>FOUR M's CONSTRUCTION AND BACKHOE, INC., *et al.*,<br><br>    Defendants. | Case No.: C14-04399-WHO<br><br>**NOTICE OF ACKNOWLEDGEMENT; and JUDGMENT PURSUANT TO STIPULATION** |

IT IS HEREBY STIPULATED and AGREED (the "Stipulation") by and between the parties hereto, that Judgment shall be entered in the within action in favor of Plaintiffs Russell E. Burns, et al. ("Plaintiffs" or "Trust Funds") and against Defendants Four M's Construction and Backhoe, Inc. ("Four M's"), a California corporation, and K. David Mayhugh, an individual (collectively hereinafter referred to as "Defendants"), and/or alter egos and/or successor entities, as follows:

1.   Defendants entered into a valid Collective Bargaining Agreement with the Operating Engineers Local Union No.3 of the International Union of Operating Engineers, AFL-CIO (the "Union") (hereinafter the "Bargaining Agreement"). The Bargaining Agreement is still in full force and effect.

2.   K. David Mayhugh, in his capacity as RMO/CEO/President of Defendant Four M's

Construction and Backhoe, Inc., hereby acknowledges that he is authorized to receive service on behalf of both himself and Four M's, and has personally received the following documents in this action: Complaint (Dkt. #1); Civil Cover Sheet (Dkt. #1-1); Proposed Summons (Dkt. #2); Certificate of Interested Entities (Dkt. #3); Initial Case Management Scheduling Order with ADR Deadlines (Dkt. # 5); Summons Issued (Dkt. #6); Declination to Proceed Before a Magistrate Judge and Request for Reassignment to a United States District Judge (Dkt. #7); Clerk's Notice of Impending Reassignment to a U.S. District Court Judge (Dkt. #8);  Order Reassigning Case to Honorable William H. Orrick (Dkt. #9);   Case Management Scheduling Order (Dkt. #10); Certificate of Service (Proof of Service of Summons) (Dkt. #11);  ADR Certification (Dkt. #12); Notice of Assignment of Case to a United States Magistrate Judge for Trial; Consent to Proceed Before A United States Magistrate Judge (Blank Form); Declination to Proceed Before a Magistrate Judge and Request for Reassignment to a United States District Judge (Blank Form); ECF Registration Information; Filing Procedures (San Francisco); Standing Order for All Judges of the Northern District of California, Contents of Joint Case Management Statement; ADR Dispute Resolution Procedures; Instructions for Completion of ADR Forms Regarding Selection of an ADR Process; Stipulation and Proposed Order Selecting ADR Process (Blank Form); Notice of Need for ADR Phone Conference (Blank Form); ADR Certification by Parties and Counsel (Blank Form).

3.     K. David Mayhugh confirms that he is authorized to enter into this Stipulation on behalf of Defendants and confirms that all successors in interest, assignees, and affiliated entities (including, but not limited to, parent or other controlling companies), and any companies with which Defendants join or merge, if any, shall also be bound by the terms of this Stipulation as Guarantors. This shall include any additional entities in which K. David Mayhugh is an officer, owner or possesses any ownership interest. Defendants and all such entities shall specifically consent to the Court's jurisdiction, in writing, at the time of any assignment, affiliation or purchase, as well as to all other terms herein.

| | |
|---|---|
| **February 2014** Contributions (Balance) | $2,132.83 |
| 10% Interest (through 11/30/14) | $192.90 |
| 20% Liquidated Damages (on total reported contributions of $4,356.80) | $871.36 |

4. Defendants have become indebted to the Trust Funds as follows:

-3-
NOTICE OF ACKNOWLEDGMENT; and JUDGMENT PURSUANT TO STIPULATION
Case No.: C14-04399

\\CANDSF\Data\Users\WHOALL\_CV\2014\2014_04399_Burns_v_Four_Ms_Construction_and_Backhoe_Inc\14-cv-04399-WHO-Proposed_Stipulated_Judgment.docx

| | | | |
|---|---:|---:|---:|
| Subtotal: | | $3,197.09 | |
| **March 2014** Contributions (Balance) | $3,761.60 | | |
| 10% Interest (through 11/30/14) | $220.54 | | |
| 20% Liquidated Damages (on total reported contributions of $4,356.80) | $871.36 | | |
| Subtotal: | | $4,853.50 | |
| **April 2014** Contributions (Balance) | $4,137.76 | | |
| 10% Interest (through 11/30/14) | $206.33 | | |
| 20% Liquidated Damages (on total reported contributions of $4,792.48) | $958.50 | | |
| Subtotal: | | $5,302.59 | |
| **May 2014** Contributions (Balance) | $4,513.92 | | |
| 10% Interest (through 11/30/14) | $189.18 | | |
| 20% Liquidated Damages (on total reported contributions of $5,228.16) | $1,045.63 | | |
| | | $5,748.73 | |
| **August 2014** Contributions | $3,414.00 | | |
| 10% Interest (through 11/30/14) | $49.30 | | |
| 20% Liquidated Damages | $682.80 | | |
| | | $4,146.10 | |
| **September 2014** Contributions | $4,779.60 | | |
| 10% Interest (through 11/30/14) | $47.16 | | |
| 20% Liquidated Damages | $955.92 | | |
| | | $5,782.68 | |
| **October 2014** Contributions | $5,234.80 | | |
| 10% Interest (through 11/30/14) | $7.15 | | |
| 20% Liquidated Damages | $1,046.96 | | |
| | | $6,288.91 | |
| **Subtotal:** | | | **$35,319.60** |
| | | | |
| 10% Liquidated Damages on Prior Late-Paid Contributions (June 2010 through January 2014; June through July 2014) | | | $12,463.00 |
| 10% Interest Accrued on Prior Late-Paid Contributions (June 2010 through January 2014; June through July 2014) | | | $1,684.15 |
| Attorneys' Fees (through 12/01/14): | | | $4,468.20 |
| Costs (through 12/01/14): | | | $492.90 |
| | | **TOTAL DUE:** | **$54,427.85** |

5. Defendants/Guarantor shall *conditionally* pay the amount of **$35,532.32**, representing all of the above amounts, less liquidated damages in the amount of **$18,895.53**. *This conditional waiver is expressly conditioned upon Trustee approval following timely compliance*

*with all of the terms of this Stipulation,* as follows:

      (a)    Beginning on **December 25, 2014**, and on or before the <u>25th day of each month</u> thereafter for a period of twelve (12) months, through and including November 25, 2015, Defendants shall pay to Plaintiffs the amount of **$3,123.86** per month;

      (b)    Payments may be made by joint check, to be endorsed by Defendants prior to submission. Payments made by joint check may be applied toward Defendants' monthly stipulated payment provided that the issuer of the joint check is not requesting a release in exchange for the payment. Joint check payments in which a release is requested may not be applied toward Defendants' monthly stipulated payment, but shall be deducted from the total balanced owed under this Stipulation provided the payment is for contributions included in this Stipulation;

      (c)    Defendants shall have the right to increase the monthly payments at any time and there is no penalty for prepayment;

      (d)    Payments shall be applied first to unpaid interest and then to unpaid principal. The unpaid principal balance shall bear interest from December 1, 2014, at the rate of 10% per annum in accordance with the Bargaining Agreements and Plaintiffs' Trust Agreements;

      (e)    Checks shall be made payable to the *Operating Engineers Trust Funds*, and delivered on or before each due date to <u>Michele R. Stafford, Esq. at Saltzman & Johnson Law Corporation, 44 Montgomery Street, Suite 2110, San Francisco, California 94104</u>, or to such other address as may be specified by Plaintiffs;

      (f)    At the time that Defendants make their twelfth (12th) stipulated payment, Defendants may submit a written request for waiver of liquidated damages directed to the Board of Trustees, but sent to Saltzman and Johnson Law Corporation with their twelfth (12th) payment. Such waiver will not be considered until and unless all other amounts are paid in full and Defendants' account is otherwise current;

      (g)    Prior to the last payment pursuant to this Stipulation, Plaintiffs shall advise Defendants in writing, by regular mail and email to fourmsconst@sbcglobal.net as to the final

amount due, including additional interest and all additional attorneys' fees and costs incurred by Plaintiffs in connection with the collection and allocation of the amounts owed to Plaintiffs under this Stipulation. Defendants shall pay all additional interest, attorneys' fees and costs regardless of whether or not Defendants default herein. Any additional amounts due pursuant to the provisions hereunder shall also be paid in full with the final stipulated payment due on November 25, 2015; and

(h) Failure to comply with any of the above terms shall constitute a default of the obligations under this Stipulation and the provisions of ¶ 13 shall apply.

6. In the event that any check is not timely submitted or fails to clear the bank, or is unable to be negotiated for any reason for which Defendants are responsible, Defendants shall be considered to be in default of the Judgment entered. If this occurs, Plaintiffs shall make a written demand to Defendants, by regular mail and email to fourmsconst@sbcglobal.net, to cure said default *within seven (7) days of the date of the notice from Plaintiffs*. If caused by a failed check, default will only be cured by the issuance of a replacement *cashier's check*, delivered to Saltzman and Johnson Law Corporation within the seven (7) day cure period. If Defendants elect to cure said default, and Plaintiffs elect to accept future payments, *all such future payments shall be made by cashier's check* at Plaintiffs' request. In the event default is not cured, all amounts remaining due hereunder shall be due and payable on demand by Plaintiffs.

7. Beginning with contributions due for hours worked by Defendant's employees during the month of **November 2014**, and for every month thereafter until this Judgment is satisfied, **Defendants shall remain current in reporting and payment of contributions** due to Plaintiffs under the current Collective Bargaining Agreement and under all subsequent Collective Bargaining Agreements, if any, and the Declarations of Trust as amended. The Collective Bargaining Agreement and Trust Agreements provide that all benefit contributions are due on or before the fifteenth (15th) day of the month following the month in which hours were worked and are delinquent if not received by the twenty-fifth (25th) day of that month.

Until this judgment is satisfied, Defendants shall **submit copies of all monthly contribution reports and payments to Saltzman and Johnson Law Corporation.** Copies of the reports and payments shall be delivered to Michele R. Stafford, Esq. at Saltzman & Johnson Law Corporation, 44 Montgomery Street, Suite 2110, San Francisco, California 94104, or to such other address as may be specified by Plaintiffs, by the twenty-fifth (25th) day of each month. Defendants may submit copies of all monthly contribution reports and payments pursuant to this paragraph via email to Michele R. Stafford, Esq. (mstafford@sjlawcorp.com) and Alicia A. Ramirez (aramirez@sjlawcorp.com). **Defendants shall send the original contribution reports and payments directly to the Trust Funds.** Plaintiffs may require that Defendants pay contributions electronically by wire transfer. Failure by Defendants to timely submit copies of current contribution reports and payments, or a report of "no employees" if applicable, shall constitute a default of the obligations under this Stipulation and the provisions of ¶ 13 shall apply.

8. Beginning with the month of December 2014, and for every month thereafter, **Defendants shall fully disclose all jobs on which they are working by providing Plaintiffs with fully completed job reports** on the form attached hereto as **Exhibit A**. Upon request by Plaintiffs, Defendants shall also provide Plaintiffs with copies of Certified Payroll Reports for any and all Public Works jobs, or any other job for which Certified Payroll Reports are required. Defendants' updated monthly job reports and Certified Payroll Reports (if requested) shall be delivered to Michele R. Stafford, Esq. at Saltzman & Johnson Law Corporation, 44 Montgomery Street, Suite 2110, San Francisco, California 94104, or to such other address as may be specified by Plaintiffs, by the 25th day of each month. Defendants may submit copies of its job reports pursuant to this paragraph via email to Michele R. Stafford, Esq. (mstafford@sjlawcorp.com) and Alicia A. Ramirez (aramirez@sjlawcorp.com).

This requirement remains in full force and effect regardless of whether or not Defendants have ongoing work, whether Defendants' account with the Trust Funds is active, or whether Defendants are signatory to a Collective Bargaining Agreement with the Union. If, for any reason, Defendants have no work to report during a given month, Defendants shall submit the job report

form (Exhibit A) indicating that there are no current jobs. **Defendants' first job report (regarding December 2014 jobs) is due on or before December 25, 2014.**

Failure by Defendants to timely submit fully completed monthly job reports and Certified Payroll Reports (if applicable) as described above shall constitute a default of the obligations under this Stipulation and the terms of ¶ 13 shall apply.

9.   **Audit:** Should the Trust Funds request an audit of Defendants' payroll records in order to confirm proper reporting and payment of contributions pursuant to the Bargaining Agreements, any failure by Defendants to comply with said request shall constitute a default of the obligations under this Agreement, which Defendants shall have ten (10) days to cure from receipt of written notice from Plaintiffs.

(a)   In the event that amounts are found due on audit, Plaintiffs shall send a written demand to Defendants by regular mail and email to fourmsconst@sbcglobal.net, for payment in full of the amounts found due in the audit, including a full copy of the audit report and any findings, including contributions, liquidated damages, interest and audit fees owed.

(b)   Defendants will be provided with ten (10) days in which to review the audit, and provide evidence to contest the findings. In the event that Defendants do not agree with the total found due, Plaintiffs shall provide any additional information or clarification requested by Defendants in writing within ten (10) days of the request therefor, or as soon as reasonably possible, and Defendants' time to respond to the audit report or comply with payment requirements shall then run from the time that Defendants receive Plaintiffs' response. Once the ten (10) day review period expires, in the event that the audit is not contested, payment in full shall be delivered to Michele R. Stafford, Esq. at the address provided above.

(c)   If the audit is contested, and Defendants provide documentation in support of the dispute, Defendants shall be notified as to whether revisions will be made to the audit. If revisions are not made, payment will be immediately due.

(d)   If revisions are made to said audit as a result of the dispute, payment in full of the revised amount shall be due within ten (10) days of Defendants' receipt of the revised

billing.

    (e)    If Defendants are unable to make payment in full, Defendants may submit a written request to revise this Stipulation, modifying the payment plan (by monthly amount and/or payment term), to add the amounts found due in the audit to this Stipulation, subject to the terms herein. If the Stipulation is so revised, Defendants shall execute the Amended Judgment or Amendment to Judgment within ten (10) days of Plaintiffs' preparation of said Amended Judgment or Amendment to Judgment. Failure to execute the revised agreement shall constitute a default of the terms herein.

10.    Failure by Defendants to submit either payment in full or a request to add the amounts due to this Judgment within ten (10) days of the date due per the terms written above shall constitute a default of the obligations under this agreement. All amounts found due on audit shall immediately become part of this Judgment.

11.    Failure to comply with <u>any</u> of the above terms shall constitute a default of the obligations under this Stipulation and the provisions of ¶ 13 shall apply.

12.    Any unpaid or late-paid contributions, together with 20% liquidated damages and 10% per annum interest accrued on the contributions shall be added to and become a part of this Judgment and subject to the terms herein. Plaintiffs reserve all rights available under the applicable Bargaining Agreements and Declarations of Trust of the Trust Funds for collection of current and future contributions, and for any additional past contributions and related amounts not included herein as may be determined by Plaintiffs to be due, pursuant to employee timecards or paystubs, by audit, or other means, and the provisions of this agreement are in addition thereto. Defendants/Guarantor specifically waive the defense of the doctrine *res judicata* as to any such additional amounts determined as due.

13.    In the event that Defendants fail to make any payment required herein, or otherwise defaults on any of their obligations as detailed in this Stipulation, and such default is not timely cured, the following will occur:

    (a)    The entire balance of **$54,427.85**, plus interest, but reduced by principal

payments received from Defendants, in addition to any unpaid contributions then due, plus 20% liquidated damages and 10% per annum interest on the unpaid or late-paid contributions, shall be immediately due and payable, together with any attorneys' fees and costs incurred during the term of this Stipulation;

(b)   A Writ of Execution may be obtained against Defendants without further notice to Defendants, in the amount of the unpaid balance plus any additional amounts due under the terms herein. Such Writ of Execution may be obtained solely upon declaration by a duly authorized representative of Plaintiffs setting forth any payment theretofore made by or on behalf of Defendants and the balance due and owing as of the date of default;

(c)   Defendants waive any notice of Entry of Judgment or of any Request for a Writ of Execution upon default, and expressly waive all rights to stay of execution and appeal. The declaration or affidavit of a duly authorized representative of Plaintiffs as to the balance due and owing as of the date of default shall be sufficient to secure the issuance of a Writ of Execution, without notice to Defendants; and

(d)   Defendants shall pay all additional attorneys' fees and costs incurred by Plaintiffs in connection with the collection and allocation of the amounts owed by Defendants to Plaintiffs under this Stipulation, whether or not a default occurs herein.

14.   Any failure on the part of Plaintiffs to take any action against Defendants as provided herein in the event of any breach of the provisions of this Stipulation shall not be deemed a waiver of any subsequent breach by Defendants of any provisions herein.

15.   The parties agree that any payments made pursuant to the terms of this Judgment shall be deemed to have been made in the ordinary course of business as provided under 11 U.S.C. Section 547(c)(2) and shall not be claimed by Defendants as a preference under 11 U.S.C. Section 547 or otherwise.

16.   Should any provision of this Stipulation be declared or determined by any court of competent jurisdiction to be illegal, invalid, or unenforceable, the legality, validity, and enforceability of the remaining parts, terms or provisions shall not be affected thereby and said

illegal, unenforceable or invalid part, term, or provision shall be deemed not to be part of this Stipulation.

17. This Stipulation is limited to the agreement between the parties with respect to the unpaid and delinquent contributions and related sums enumerated herein, owed by Defendants to Plaintiffs. This Stipulation does not in any manner relate to withdrawal liability claims, if any. Defendants acknowledges that Plaintiffs expressly reserve their right to pursue withdrawal liability claims, if any, against Defendants and all of its control group members, as provided by Plaintiffs' Plan Documents, Trust Agreements incorporated into their Bargaining Agreements, and applicable laws and regulations.

18. This Stipulation contains all of the terms agreed to by the parties and no other agreements have been made. Any changes to this Stipulation shall be effective only if made in writing and signed by all parties hereto.

19. This Stipulation may be executed in any number of counterparts and by facsimile, each of which shall be deemed an original and all of which shall constitute the same instrument.

20. Defendants represent and warrant that they have had the opportunity to be or have been represented by counsel of their own choosing in connection with entering this Stipulation under the terms and conditions set forth herein, that they have read this Stipulation with care and are fully aware of and represent that they enter into this Stipulation voluntarily and without duress.

///
///
///
///
///
///
///
///
///

-11-
NOTICE OF ACKNOWLEDGMENT; and JUDGMENT PURSUANT TO STIPULATION
Case No.: C14-04399

\\CANDSF\Data\Users\WHOALL\_CV\2014\2014_04399_Burns_v_Four_Ms_Construction_and_Backhoe_Inc\14-cv-04399-WHO-Proposed_Stipulated_Judgment.docx

///

///

///

21. The parties agree that the Court shall retain jurisdiction of this matter until this Judgment is satisfied.

Dated: December 18, 2014       **FOUR M'S CONSTRUCTION AND BACKHOE, INC.**

By: _____/S/_____
K. David Mayhugh
RMO/CEO/President

Dated: December 18, 2014       **K. DAVID MAYHUGH**

By: _____/S/_____
K. David Mayhugh, individually

Dated: December 16, 2014       **OPERATING ENGINEERS LOCAL NO. 3 TRUST FUNDS**

By: _____/S/_____
David E. Hayner
Collections Manager for Plaintiffs

Dated: December 22, 2014       **SALTZMAN AND JOHNSON LAW CORPORATION**

By: _____/S/_____
Adrian L. Canzoneri
Attorneys for Plaintiffs

**IT IS SO ORDERED.**

IT IS FURTHER ORDERED that the calendar in this matter is vacated, and that the Court shall retain jurisdiction over this matter.
Dated: December 29, 2014

_____
UNITED STATES DISTRICT COURT JUDGE

-12-
NOTICE OF ACKNOWLEDGMENT; and JUDGMENT PURSUANT TO STIPULATION
Case No.: C14-04399

\\CANDSF\Data\Users\WHOALL\_CV\2014\2014_04399_Burns_v_Four_Ms_Construction_and_Backhoe_Inc\14-cv-04399-WHO-Proposed_Stipulated_Judgment.docx

|   |   |
|---|---|
| **EXHIBIT A** | |
| **JOB REPORT FORM** | |

**Updated Job Reports shall be delivered to Michele R. Stafford (mstafford@sjlawcorp.com) and Alicia A. Ramirez (aramirez@sjlawcorp.com) at Saltzman & Johnson Law Corporation by the 25th day of each month**
at 44 Montgomery Street, Suite 2110, San Francisco, California 94104

**Employer Name: FOUR M's CONSTRUCTION AND BACKHOE, INC.**

Report for the month of _____, 20__ Submitted by: _____

| | | | |
|---|---|---|---|
| **Project Name:** | | | |
| **Project Address:** | | | |
| **General Contractor:** | | | |
| **General Contractor Address:** | | | |
| **General Contractor Telephone #:** | | **Project Manager Name:** | |
| **Project Manager Telephone #:** | | **Project Manager address:** | |
| **Contract #:** | | **Contract Date:** | |
| **Total Contract Value:** | | | |
| **Work Start Date:** | | **Work Completion Date:** | |
| **Project Bond #:** | | **Surety:** | |

| | | | |
|---|---|---|---|
| **Project Name:** | | | |
| **Project Address:** | | | |
| **General Contractor:** | | | |
| **General Contractor Address:** | | | |
| **General Contractor Telephone #:** | | **Project Manager Name:** | |
| **Project Manager Telephone #:** | | **Project Manager address:** | |
| **Contract #:** | | **Contract Date:** | |
| **Total Contract Value:** | | | |
| **Work Start Date:** | | **Work Completion Date:** | |
| **Project Bond #:** | | **Surety:** | |

*** *Attach additional sheets as necessary* ***

-1-
**Exhibit A to NOTICE OF ACKNOWLEDGMENT; and JUDGMENT PURSUANT TO STIPULATION**
**Case No.: C14-04399 WHO**